UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID COLEMAN,

        Plaintiff,

-against-

PAROLE OFFICER AMBER TUCKER, *et al.*,

        Defendants.

19-CV-4857 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at Gouverneur Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights when they issued a warrant for the revocation of his parole. By order dated June 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth in this order, the Court dismisses the complaint without prejudice to any action Plaintiff has brought, or intends to bring, in his state-court criminal case.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts and assertions are taken from the complaint: On September 19, 2018, in the Bronx, Defendants arrested Plaintiff on a parole violation warrant. The violation concerned his accessing the internet and possessing adult pornography. He names as defendants Senior Parole Officer Renell Hamilton, Parole Officer Amber Tucker, and Administrative Law Judge (ALJ) John Cox, who presumably presided over Plaintiff's parole revocation hearing at Rikers Island.[2] He seeks money damages.

Plaintiff, who has been incarcerated since September 19, 2018, claims that the revocation of his parole was unlawful, in light of the holding in *United States v. Eaglin*, 913 F.3d 88 (2d Cir. 2019). In *Eaglin*, the Court of Appeals held that based on the record in that case, a total internet ban and an adult pornography ban were substantively unreasonable, and the Court of Appeals remanded to the lower court for resentencing. *Id.* at 91.

**DISCUSSION**

**A.  Plaintiff's claims against Administrative Law Justice John Cox are dismissed under the doctrine of judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from

---

[2] Plaintiff provides a Rikers Island address for ALJ Cox.

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not assert any facts suggesting ALJ Cox's personal involvement, but given that Plaintiff provides a Rikers Island address for Cox, and that Plaintiff was arrested in the Bronx, the Court assumes that Cox revoked Plaintiff's parole while Plaintiff was detained at Rikers Island. As this conduct is purely judicial in nature, ALJ Cox is immune from suit. The Court therefore dismisses all claims brought against him. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Plaintiff may not recover money damages based on the revocation of his parole**

The United States Supreme Court has held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Success in this § 1983 action challenging the validity of the revocation of Plaintiff's parole would necessarily demonstrate the invalidity of that decision. As the revocation of Plaintiff's parole has not been reversed or called into question in any way by a court authorized to do so, Plaintiff's claim for money damages is barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     The Court declines to construe the complaint as a petition brought under § 2254 because Plaintiff has not exhausted his administrative remedies**

To the extent Plaintiff wishes to challenge the revocation of his parole, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson*, 544 U.S. at 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

But before challenging the revocation of his parole, Petitioner must first exhaust all available state court remedies, including any available administrative appeals and state-court proceedings, such as an Article 78 proceeding. *See, e.g.*, *Smith v. Smith*, No. 17-CV-0258, 2018 WL 557877, at *5 (N.D.N.Y. Jan. 22, 2018) (discussing exhaustion options in context of a parole revocation). Then, after exhausting all available state court remedies, Plaintiff may file in this Court a petition for a writ of *habeas corpus*.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 8, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge