UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID COLEMAN,

                Plaintiff,

        -against-

AMBER TUCKER, *et al.*,

                Defendants.

19-CV-4857 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, filed this action challenging the revocation of his parole. On July 8, 2019, the Court dismissed the complaint for failure to state a claim and under the doctrine of judicial immunity. The Court also declined to construe the action as brought under 28 U.S.C. § 2254 because Plaintiff had not exhausted his state-court remedies. On July 9, 2019, the Court received Plaintiff's letter, which is dated June 30, 2019, informing the Court that he had exhausted his remedies with the New York State Department of Corrections and Community Supervision (DOCCS).

    The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Before the Court dismissed this action, Plaintiff mailed to the Court a letter indicating that he had challenged the revocation of his parole with DOCCS. But Plaintiff has not stated facts suggesting that he *fully* exhausted his state-court remedies, such as by pursuing relief in an Article 78 proceeding. *See, e.g., Smith v. Smith,* No. 17-CV-0258, 2018 WL 557877, at *5 (N.D.N.Y. Jan. 22, 2018) (discussing exhaustion options in context of a parole revocation). Once Plaintiff has challenged the revocation of his parole in the state courts and appealed any unfavorable decision to the highest court allowed under New York State law, he is free to file a *new* civil action in this Court under 28 U.S.C. § 2254.

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

**CONCLUSION**

The Court denies Plaintiff's motion for reconsideration (ECF No. 7).

The Court directs the Clerk of Court to mail a copy of this order and a 28 U.S.C. § 2254 form to Plaintiff, noting service on the docket.

Plaintiff's case in this Court under Docket No. 19-CV-4857 is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 18, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge